UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————

№ 03-CV-1193 (JFB)(MLO)

———————

VINCENT VALENTI,

Plaintiff,

VERSUS

MASSAPEQUA UNION FREE SCHOOL DISTRICT,

Defendant.

———————

MEMORANDUM AND ORDER
April 5, 2006

———————

JOSEPH F. BIANCO, District Judge:

In this employment discrimination case, defendant seeks permission to file a motion for summary judgment. Plaintiff requests a stay of the summary judgment motion until his most recent Equal Employment Opportunity Commission ("EEOC") complaint is decided and a "right to sue" letter is issued. For the reasons that follow, the request for a stay is denied and a briefing schedule for defendant's summary judgment motion will issue.

I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is a special education teacher at defendant Massapequa Union Free School District (the "School District"). Plaintiff is suing the School District for intentional infliction of emotional distress and for discriminating against him (1) because of his gender, (2) for advocating for his disabled students, and (3) for retaliating against him. Plaintiff filed two separate actions in the Eastern District of New York, which were consolidated into this present case. The complaints are similar in that they both allege gender discrimination and retaliation.

Plaintiff's first complaint, filed March 11, 2003, was filed three months after the EEOC issued a right to sue letter stemming from an August 8, 2001 EEOC complaint filed by plaintiff. Then, on June 23, 2004, plaintiff filed another EEOC complaint. On September 8, 2004, the EEOC issued a right to sue letter.

Thereafter, on December 6, 2004, plaintiff filed his second complaint in the Eastern District of New York. According to the discovery schedule set by the magistrate judge, discovery in both cases was complete on August 15, 2005.

By letter dated October 7, 2005, defendant wrote to Judge Townes requesting a pre-motion conference in anticipation of filing a motion for summary judgment.

On February 21, 2006, this case was reassigned to this Court. Thereafter, on or about March 7, 2006, plaintiff filed another EEOC complaint based on a recent incident. On March 9, 2006, the parties appeared before this Court for a pre-motion conference and plaintiff requested that any summary judgment motion be held in abeyance until the most recent EEOC complaint is decided.

## II. DISCUSSION

This case involves alleged discriminatory acts by the School District from March 2001 until December 2004. (*See* Complaints, 03-CV-1193 and 04-CV-5271.) The case has been pending for over three years, and discovery has been closed since August 15, 2005. There is no reason for this Court to stay a pending motion or trial, if necessary, because plaintiff has filed another EEOC complaint based on a recent separate discriminatory act by defendant.

Plaintiff's primary argument in requesting a stay is that if this case were decided on the merits, *res judicata* and collateral estoppel may prevent him from bringing another action. (*See* Pl.'s March 24, 2006 letter to the Court.) In support of his position, plaintiff cites *Woods v. Dunlop Tire Corp.*, 972 F.2d 36, 38 (2d Cir. 1992). In *Woods*, the Second Circuit affirmed the dismissal of a Title VII action based on *res judicata* because plaintiff's Title VII claims were based on the same transaction as a previously filed claim brought pursuant to the Labor Management Relations Act. *Id.* 972 F.2d at 37. Plaintiff argues that, if this Court were to grant summary judgment in favor of defendant in this case, then he may be precluded from bringing another action based on his March 7, 2006 EEOC complaint.

This argument is unpersuasive. There is a significant difference between the *Woods* case and the facts as plaintiff alleges in this case. In *Woods*, the same facts and alleged adverse employment action (that the employee had been fired) were the basis for both lawsuits. Hence, the district court found that the "plaintiff could have raised her Title VII claim in *Woods I* and that all prerequisites to the application of *res judicata* were met." *Id.*, 972 F.2d at 38 (quoting from the district court's opinion).

Here, according to plaintiff's counsel's representation at the pre-motion conference, plaintiff was recently discriminated against and purportedly suffered another separate adverse employment action by the School District. According to plaintiff's counsel, plaintiff's most recent EEOC complaint is based on this new incident and alleged adverse employment action. Although the Court declines to address the merits of what is now only a hypothetical *res judicata* argument, it is not clear from plaintiff's counsel's letter or representations at the pre-motion conference how *res judicata* would prevent plaintiff from pursuing a future discrimination claim in federal court based on an entirely new, separate act of discrimination and adverse employment action by the School District. *See, e.g., Davis v. Dallas Area Rapid*

2

*Transit*, 383 F.3d 309, 313 (5th Cir. 2004) ("The critical issue . . . is whether the two actions are based on the same nucleus of operative facts." (internal quotation omitted)); *Woods*, 972 F.2d at 38-39 ("Both actions centered around Dunlop's firing of Woods, the reasons for termination, and her employment history, physical limitations, and qualifications."); *NLRB v. United Technologies*, 706 F.2d 1254, 1260 (2d Cir. 1983) ("Whether or nor the first judgment will have preclusive effect depends in part on whether the same transaction or connected series of transactions is at issue . . ."). Plaintiff has allegedly been subject to a new act of discrimination. Even if the conduct by the School District is similar to the acts as alleged in the complaints in this case, the cause of action would still be based on a new nucleus of facts and different transaction than the facts that gave rise to this case. *See NLRB*, 706 F.2d at 1260. Thus, the facts here are different than those at issue in *Woods* and the cases cited therein where *res judicata* prevents a plaintiff from pursuing discrimination claims in federal court.[1]

Indeed, if this Court were to grant a stay based on this new incident and EEOC complaint, and allow plaintiff to amend the complaint and have additional discovery on the new incident, the motion for summary judgment and any eventual trial would be stayed *sine die*. Given the time that has passed in this case, and the fact that discovery has been closed for over seven months, the Court declines to issue a stay of defendant's summary judgment motion. Hence, the request for a stay is denied.

### III. CONCLUSION

For the foregoing reasons, plaintiff's request for a stay of defendant's summary judgment motion is denied. Defendant shall move for summary judgment by May 1, 2006. Plaintiff shall file his opposition papers by June 1, 2006, and a reply, if any, shall be filed no later by June 15, 2006. Counsel for all parties shall appear for oral argument on July 27, 2006, at 10:00 a.m. in the United States Federal Courthouse, 100 Federal Plaza, Central Islip, New York, Courtroom 920.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: April 5, 2006
Brooklyn, NY

\* \* \*

Plaintiff is represented by Scott M. Mishkin, Esq., One Suffolk Square, Suite 240, Islandia, New York, 11749. Defendant is represented by John P. Sheahan, Esq., of the Law Offices of Guercio & Guercio, 77 Conklin Street, Farmingdale, New York 11735.

---

[1] Although the Second Circuit suggested in *Woods* that plaintiff could have asked the district court to stay the first case to avoid *res judicata*, it did so after holding that *res judicata* applies because plaintiff's claims arose out of the same incident. *Woods*, 972 F.2d at 38. Again, this scenario is different than the facts in this case, where the supposed *res judicata* risk is based on different circumstances, incidents, and alleged acts of discrimination. Notably, plaintiff has pointed to no case that suggests that this Court should stay this case based on entirely new incidents of discrimination.